**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Tabatha Ann Blackwell (Relinquished) and Ronald Scott Fowler, Defendants,

Of Whom Ronald Scott Fowler is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2014-000256

---

Appeal From Greenville County
Alvin D. Johnson, Family Court Judge

---

Unpublished Opinion No. 2015-UP-500
Submitted September 15, 2015 – Filed October 15, 2015

---

**AFFIRMED**

---

R. Mills Ariail, Jr., of Law Office of R. Mills Ariail, Jr., of Greenville, for Appellant.

Deborah Murdock Gentry, of Murdock Law Firm, LLC, of Mauldin; and Jonathan Ashley Neal, of South Carolina

Department of Social Services, of Greenville, for
Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law,
of Greenville, for the Guardian ad Litem.

---

**PER CURIAM:**  Ronald Scott Fowler (Father) appeals the family court's order
terminating his parental rights to his son (Child).  On appeal, Father argues the
family court did not make adequate findings to show clear and convincing
evidence supported the statutory grounds for termination of parental rights (TPR)
and TPR was in Child's best interest.  We affirm.

"Because terminating the legal relationship between natural parents and a child is
one of the most difficult issues an appellate court has to decide, great caution must
be exercised in reviewing termination proceedings and termination is proper only
when the evidence clearly and convincingly mandates such a result."  *S.C. Dep't of
Soc. Servs. v. Roe*, 371 S.C. 450, 455, 639 S.E.2d 165, 168 (Ct. App. 2006).  On
appeal from the family court, this court reviews factual and legal issues de novo.
*Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also
Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this
court reviews the family court's findings de novo, we are not required to ignore the
fact that the family court, who saw and heard the witnesses, was in a better position
to evaluate their credibility and assign comparative weight to their testimony.
*Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.  The burden is upon the appellant to
convince this court that the family court erred in its findings.  *Id.*

The family court may order TPR upon finding a statutory ground for TPR is
satisfied and also finding TPR is in the child's best interest.  S.C. Code Ann. § 63-
7-2570 (Supp. 2014).  The grounds for TPR must be proven by clear and
convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519
S.E.2d 351, 354 (Ct. App. 1999).  An appellate court "may review the record and
make its own findings [about] whether clear and convincing evidence supports
[TPR]."  *S.C. Dep't of Soc. Servs. v. Cummings*, 345 S.C. 288, 293, 547 S.E.2d
506, 509 (Ct. App. 2001).

Here, the family court made adequate findings to support its conclusion that Father
willfully failed to support Child, and clear and convincing evidence supports the
findings.  *See* S.C. Code Ann. § 63-7-2570(4) (stating a statutory ground for TPR

is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has willfully failed to support the child"). It is undisputed Father did not make a material contribution to Child's care, and we find his failure to do so was willful. *See S.C. Dep't of Soc. Servs. v. Wilson*, 344 S.C. 332, 336, 543 S.E.2d 580, 582 (Ct. App. 2001) ("Whether a parent's failure to visit or support a child is willful is a question of intent to be determined by the facts and circumstances of each case."). Although Father sent several letters to DSS requesting to visit Child, he did not request information about how to support Child or request Child's clothing size until November 2, 2013—nearly seventeen months after learning he was Child's father. Further, as the family court found in its order, Father had access to funds. According to his Cooper account, Father spent $916.07 in the canteen between July 2012—a month after discovering he was Child's father—and October 2013—a month before requesting information about how to support Child. Accordingly, clear and convincing evidence shows Father willfully failed to support Child for more than six months.

Additionally, clear and convincing evidence supports TPR based on the fact Child was in foster care for fifteen of the most recent twenty-two months. *See* S.C. Code Ann. § 63-7-2570(8) (Supp. 2014) (stating a statutory ground for TPR is met when a "child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"). At the time of the TPR hearing, Child had been in foster care for approximately thirty-two months. We find the delay in reunification was caused by Father's "inability to provide an environment where Child would be nourished and protected" rather than by DSS's mistakes. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("The family court must find that severance is in the best interests of the child, and that the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected."). Thus, clear and convincing evidence supports this ground. *See Charleston Cty Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 97-102, 627 S.E.2d 765, 772-73 (Ct. App. 2006) (finding clear and convincing evidence did not show the incarcerated father willfully failed to visit or support the child but "the letter of the law was met" to prove the child resided in foster care for fifteen of the previous twenty-two months, and rejecting the father's argument that

"under the circumstances, [the c]hild's presence in foster care for fifteen of the most recent twenty-two months alone [was] not sufficient to support TPR").[1]

Finally, clear and convincing evidence shows TPR is in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (noting the best interest of the child is the paramount consideration in a TPR case). At the time of the TPR hearing, Child was two and a half years old and had been with the same foster family his entire life. The Guardian ad Litem reported that Child was bonded with his foster family and the family wanted to adopt him. Thus, Child will realize stability if TPR is affirmed. *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."). In contrast, Father was incarcerated at the time of the TPR hearing and unable to provide a home for Child. Based on Child's perspective, clear and convincing evidence shows TPR is in his best interest. *See Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50 ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decline to address whether clear and convincing evidence showed Father failed to remedy the conditions causing removal or abandoned Child. *See S.C. Dep't of Soc. Servs. v. Headden,* 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (stating an appellate court does not need to address a TPR ground if it finds clear and convincing evidence supports another TPR ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.